IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>  v.<br><br>Christian Benny Díaz-Nieves<br><br>  Defendant. | **Crim. No. 24-00087 (GMM)** |

### MEMORANDUM AND ORDER

Before the Court is the United States of America's ("Government") *Omnibus Motion in Limine* ("Omnibus Motion"). (Docket No. 32). The Government seeks to preclude defendant Christian Benny Díaz-Nieves ("Mr. Díaz") from: (1) eliciting his own self-serving out-of-court statements; (2) arguing over potential witnesses not testifying at trial; (3) arguing jury nullification or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification; and (4) requesting discovery from witnesses or opposing counsel in the jury's presence. For the reasons below, the Court **GRANTS** the Omnibus Motion.[1]

---

[1] The Court notes that Mr. Díaz filed his opposition at Docket No. 32, titled *Response to Government's Motion in Limine at Docket Entry No. 32*. The Government subsequently replied at Docket No. 44, titled *Government's Reply to Defense Response at ECF No. 40*.

## I.  BACKGROUND

On March 7, 2025, a grand jury returned a 21-count indictment against Mr. Díaz. (Docket No. 3). All 21 counts charge that Mr. Díaz unlawfully delayed and did not deliver Election Mail, entrusted to him, to Puerto Rico domiciled active voters. *See, generally,* (id.). Each count is a separate and distinct violation of Title 18 U.S.C. § 1703(a). *See* (id. at 5).

Trial is set to commence on May 12, 2025, before the undersigned.

## II.  DISCUSSION

A.  Motion to Preclude Mr. Díaz from Eliciting his Own Self-Serving Out-of-Court Statements

The Government moves to preclude Mr. Díaz from "eliciting his own self-serving out-of-court statements during the opening statement, cross-examination of any government witness, or the direct examination of any defense witness other than the Defendant [himself]." (Docket No. 32 at 1). Furthermore, the Government urges the Court to reject any effort by Mr. Díaz to introduce any self-serving statements on the grounds that his statements may be admissible under the rule of completeness. *See* (id. at 3); Fed. R. Evid. 106. The Government bases its request on Federal Rule of Evidence 801(d)(2)(A) ("Rule 801(d)(2)(A)"). Mr. Díaz opposes the Government's request by arguing that the request is speculative and premature.

```
Criminal No. 24-00087 (GMM)
Page -3-
```

Federal Rule of Evidence 801 prohibits hearsay. *See* Fed. R. Evid. 801. Hearsay is defined as a statement that is made outside the court and it is offered "in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). In turn, Rule 801(d)(2)(A) "exclude[s] the introduction of self-serving statements by the party making them." <u>United States v. Palow</u>, 777 F.2d 52, 56 (1st Cir. 1985); *see also* <u>United States v. Martínez-Mercado</u>, Crim. No. 18-569 (RAM), 2022 WL 562894, at *1 (D.P.R. Feb. 24, 2022); <u>United States v. Boyrie-Laboy</u>, 573 F.Supp.3d 613, 616 (D.P.R. 2021) ("There is neither an exemption nor exception, however, for purely self-serving hearsay."). Without more, the Court grants the Omnibus Motion in this regard. Mr. Díaz is precluded from introducing self-serving out-of-court statements *that violate the rules against hearsay and do not fall under any hearsay exception*. This would also apply to third-party witnesses. *See* <u>United States v. Serrano-Delgado</u>, 350 F.Supp.3d 36, 37 (D.P.R. 2018) (holding that a defendant may not introduce self-serving out-of-court statements during trial through third-party witnesses because such statements are inadmissible hearsay).

B.  <u>Motion to Prohibit Argument by Mr. Díaz over Missing Witnesses</u>

The Government requests that the Court "prohibit argument by either side concerning missing witnesses not under the control of either side." (Docket No. 32 at 4). The Court will grant the Omnibus Motion in this regard to the extent that it follows First

**Criminal No. 24-00087 (GMM)**
**Page -4-**

Circuit precedent. Specifically, the First Circuit has decreed that "[a]ttorneys may not argue that the jury should draw an inference against an opponent where the opponent does not present witnesses *that are available to both parties*." United States v. Jiménez-Torres, 435 3, 12 (1st Cir. 2006); United States v. Aboshady, 951 F.3d 1, 10 (1st Cir. 2020); United States v. Johnson, 467 F.2d 804, 809 (1st Cir. 1972) ("No inference is permissible, however. . .where the evidence is equally available to either party." (*citing* Graves v. United States, 150 U.S. 118, 121, 14 S.Ct. 40, 37 L.Ed. 1021 (1893))).

Notwithstanding, as Mr. Díaz correctly posits, the Court could and will allow him to argue for a "missing witness" instruction <u>if</u> he shows that the Government "controls or has peculiar access to a witness and in the circumstances, it may be reasonable to suppose that the [Government] would produce the witness unless the testimony was unfavorable."[2] United States v. Pagán-Santini, 451 F.3d 258, 267 (1st Cir. 2006) (*citing* United States v. Lewis, 40 F.3d 1432, 1336 (1st Cir. 1994)); *see also* United States v. Pérez, 299 F.3d 1, 3 (1st Cir. 2002) ("[A] missing witness instruction is proper when a witness is either actually unavailable to the party seeking the instruction or so obviously

---

[2] The First Circuit has also stated that a party may "highlight" a "missing witness[] to argue evidentiary insufficiency." Aboshady, 951 F.3d at 10 (*quoting* Jiménez-Torres, 435 F.3d at 12).

partial to the other side that the witness is deemed to be legally unavailable." (*citing* United States v. Spinosa, 982 F.2d 620, 632 (1st Cir. 1992))). Any such request shall be made during trial and outside the presence of the jury.

C.   Motion to Prohibit Evidence or Argument Designed to Elicit Jury Nullification

The Government moves the Court to preclude Mr. Díaz from arguing jury nullification "or otherwise presenting evidence or pursing lines of inquiry designed to elicit jury nullification." (Docket No. 32 at 6); *see* United States v. Bunchan, 626 F.3d 29, 34 (1st Cir. 2012) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify [applicable law]."). Although at this juncture the Government is unable to anticipate every form of jury nullification argument that Mr. Díaz's defense could interject at trial, it seeks the preclusion of what it considers two examples of jury nullification: (1) arguments or evidence as to the potential penalties Mr. Díaz faces if convicted; and (2) evidence as to his family's needs, or evidence designed to infer a motive or excuse for Mr. Díaz's alleged conduct. *See* (Docket No. 32 at 8).

   1.   Arguments or Evidence Concerning Potential Penalties

Both parties agree that the jury's function in our case is to determine guilt or innocence. (Docket Nos. 32; 40 at 7). As such, the Court grants the Omnibus Motion in this regard. Neither party

is to present arguments or evidence regarding the potential punishment Mr. Díaz faces if convicted.

    2.   <u>Evidence Intended to Inflame the Passions of the Jury</u>

Without infringing in Mr. Díaz's ability to present evidence for his defense, the Court finds that any argument or evidence designed to invoke sympathy in the jury, including personal or familial hardships, is prohibited. *See* <u>United States v. Alarcón-Rodríguez</u>, ---F.Supp.3d---, 2025 WL 598609, at *4-5 (D.P.R. 2025). Furthermore, Mr. Díaz's motives for engaging in the alleged criminal conduct are irrelevant. *See* <u>id.</u> at *4; *see also* <u>S.E.C. v. Spencer Pharmaceutical Inc.</u>, 58 F.Supp.3d 165, 166 (D. Mass. 2014); <u>United States v. De Los Ángeles</u>, Case No. 21-10358, 2023 WL 5110287, at *2 (D. Mass. Aug. 8, 2023) (listing the elements of an 18 U.S.C. § 1703(a) offense, none of which concern the defendant's motives or consequences of a trial). Consequently, the Omnibus Motion is granted in this regard.

D.   <u>Motion to Prohibit Discovery Requests or Comments Regarding Discovery in the Jury's Presence</u>

Lastly, the Government moves the Court to preclude Mr. Díaz from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters before the jury or during the closing argument. *See* (Docket No. 32 at 9). Mr. Díaz does not squarely oppose the Government's request. Instead, Mr. Díaz clarifies that "he cannot

be precluded from requesting discovery during trial[,] [e]specially when the existence of evidence may emerge during cross-examination of a government witness, as has happened many times before." *See* (Docket No. 40 at 9).

The Court will also grant the Omnibus Motion in this regard. References to discovery rules and caselaw "are irrelevant and will confuse the jury." Alarcón-Rodríguez, 2025 WL 598609, at *4. Mr. Díaz and the Government are prohibited from referring to discovery matters in the presence of the jury.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Omnibus Motion as delineated herein.

IT IS SO ORDERED.

In San Juan, Puerto Rico, April 29, 2025.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE
